## IN THE U.S. DISTRICT COURT OF THE DISTRICT OF COLUMBIA



| | |
|---|---|
| DEAFUEH MONBO <br> JUAHDI MONBO <br>      *Plaintiffs* <br> v. <br> CIRCUIT COURT FOR BALTIMORE COUNTY <br><br> JOHN J. NAGLE III (in his official capacity) <br>      *Defendants* | Case: 1:23-cv-02371 JURY DEMAND <br> Assigned To : Walton, Reggie B. <br> Assign. Date : 8/14/2023 <br> Description: Pro Se Gen. Civ. (F-DECK) <br><br> **COMPLAINT FOR:** <br> **(1) Declaratory Relief** <br> **(2) Injunctive Relief** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiffs, Deafueh Monbo and Juahdi Monbo hereby file this Complaint against Defendants Circuit Court of Baltimore County, and John Nagle III and alleges and state to this honorable Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, the U.S. Constitution, and the Federal Declaratory Judgment Act, 28 U.S.C. §2201, §2202.

2. This is an action involving a federal question.

3. Venue is proper in the district pursuant to 28 U.S.C. § 1391.

### PARTIES

**Plaintiff:**

1. Plaintiff DEAFUEH MONBO ("Deafueh" or "Plaintiff Monbo") is a citizen of the District of Columbia and the claimant of a state claim pending in the State Court.

2. Plaintiff JUAHDI MONBO ("Juahdi" or "Plaintiff Monbo") is a citizen of the District of Columbia and the claimant of a state claim pending in the State Court.

1

**Defendant:**

3. Defendant CIRCUIT COURT OF BALTIMORE COUNTY (Circuit Court) is the State of Maryland acting through the Circuit Court of Baltimore County.

4. Defendant John Nagle III ("Nagle") is an employee of Defendant Circuit Court of Baltimore County. Defendant John Nagle is sued in his official capacity.

## ISSUES PRESENTED

a) The Fourteenth Amendment is a federal rule. Federal rules are "laws of the United States", *United States v. Hv*ass, 355 U.S. 570, 575 (1958), have the force of law, and are binding upon **both** the Plaintiffs and the Defendants. Whether a departure from the Fourteenth Amendment by the Defendants renders the Defendants' act void ab initio?

b) Whether under the laws of the United States, an Entry of default cuts off a defendant's right to appear in the action, file counterclaims, and present a defense?

## FACTUAL BACKGROUND

5. On July 6, 2023, the Plaintiffs requested the entry of an Order of Default against Monica O'Connell and Robin Schwartz in their official capacities before the Defendant Circuit Court. **See Exhibit 1**

6. As part of the Plaintiffs' request for the entry of default, Plaintiffs stated as follows:

Connecticut General Statute § 52-64(a) authorizes the Attorney General to accept service of process on the defendants when they are sued in their official capacity.

7. The Attorney General is authorized by law to accept service of process when the Defendants are sued in their official capacity. Personal service is not required when the Defendants are sued in their "official capacity".

8. The State action was initiated by Plaintiffs by the filing of a Complaint on February 2, 2023.

9. The State action was brought against Monica O'Connell and Robin Schwartz in their official capacity.

10. Plaintiffs have properly served the defendants in their official capacities by serving a copy of the Complaint and Summons with the attorney general at the Office of the Attorney General.

11. Service of the Complaint was obtained on Monica O'Connell and Robin Schwartz in their official capacity on May 4, 2023, as set forth in the Affidavits of Service filed in these proceedings.

12. The time of pleading or otherwise responding to the Complaint has expired, and the Monica O'Connell and Robin Schwartz failed to plead as provided by the Maryland Rules of Procedure.

13. On July 6, 2023, the Plaintiffs then requested that Defendant Circuit Court and John Nagle to enter an Order of Default based upon the failure of Monica O'Connell and Robin Schwartz, to respond or otherwise plead to the Complaint filed in the State proceedings. *See* **Exhibit 1**

14. However, Defendants Circuit Court and John Nagle refused to enter the entry of default, contending that under the laws of the United States, since Monica O'Connell and Robin Schwartz filed a Motion to Dismiss on July 17, 2023, Monica O'Connell and Robin Schwartz are not in default. Plaintiffs disagree with Defendants Circuit Court and John Nagle. Plaintiffs contend that Monica O'Connell and Robin Schwartz's right to file a response to the Plaintiffs' Complaint was cut off on **July 6, 2023**

15. An actual controversy has arisen and now exists relating to the rights and duties of Plaintiffs and the Defendants under the United States Constitution and the laws of the United States in that Plaintiff contends that under the laws of the United States, an Entry of default cuts off a defendant's right to appear in the action, file counterclaims, and present a defense.

16. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiffs request a judicial determination of their rights, and a declaration that under the United States laws, the law forbids Defendants Circuit Court and John Nagle to deprive the Plaintiffs' of an Order of Default when a defendant fails to respond to a complaint and that failure is shown by Plaintiffs' affidavit. **See Exhibit 1**

17. "Entry of default cuts off a defendant's right to appear in the action, file counterclaims, and present a defense." *Wahoo Int'l v. Phix Doctor, Inc.*, 2014 WL 5465373, at *2 n.1 (S.D. Cal. October 28, 2014) (citing *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927)); see also *J&J Sports Prods. Inc. v. Kuo*, 2007 WL 4116209, at *2 (W.D. Tex. November 15, 2007) (entry of default "cuts off the defendant's right to file any document other than a motion to set aside the entry of default"); *Kapadia v. Thompson*, 2008 WL 5225813, at *3 (D. Ariz. December 15, 2008) (same).

18. The Parties cannot agree to resolve their dispute among themselves. A judicial declaration is necessary and appropriate at this time in order that Plaintiff may ascertain the parties' rights.

## CAUSES OF ACTION
### Count 1
### Declaratory Relief

19. Plaintiffs re-allege and incorporate by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

20.     An actual controversy has arisen and now exists relating to the rights and duties of Plaintiffs and Defendants under the United States Constitution in that Plaintiff contends that Plaintiff has equal protection of the law under the U.S. Constitution. Defendants apparently contend that the Equal Protection clause does not apply to them and that they are entitled to make or enforce any laws that abridge the privileges or immunities of Plaintiffs, and shall deny Plaintiffs the equal protection of the laws.

21.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, the Plaintiffs request a judicial determination of their rights and a declaration that the Defendants' continued actions constitute a violation of the equal protection clause of the U.S. Constitution and the Laws of the United States.

22.     A judicial declaration is necessary and appropriate at this time in order that Plaintiffs may ascertain the parties' rights.

23.     Plaintiffs repeat and re-allege their claims for declaratory relief, injunctive relief, and the costs of litigation.

## CAUSES OF ACTION
### Count 2
### Injunctive Relief

24.     Plaintiffs re-allege and incorporate by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

25.     Plaintiffs are entitled to injunctive relief because the Defendants' action violates the equal protection clauses, federal rules and the Laws of the United States.

26.     Plaintiffs repeat and re-allege their claims for declaratory relief, injunctive relief, and the costs of litigation.

## JURY TRIAL DEMANDED

Plaintiff respectfully demands a trial by jury on all issues properly triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court issues equitable relief as follows:

1. Issue injunctive relief
2. Issue declaratory relief as this Court deems appropriate and just.
3. Award Plaintiff her costs of litigation which will be proven at trial.

This the 14th Day of August 2023

*[signature]*

Deafueh Monbo, Plaintiff
900 Brentwood Road, NE, Unit 92876
Washington DC 20066

*[signature]*

Juahdi Monbo, Plaintiff
900 Brentwood Road, NE, Unit 92876
Washington DC 20066